# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL LEE GORDON,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:10-0841 |
| v. | : | (NEALON, D.J.) |
| **UNITED STATES OF AMERICA,** | : | (MANNION, M.J.) |
| Respondent | : | |

## REPORT AND RECOMMENDATION

On April 20, 2010, the petitioner, an inmate at the United States Penitentiary, Lewisburg, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). An order to show cause was issued by the court on June 16, 2010. (Doc. No. 4). A response to the petition was filed on July 7, 2010. (Doc. No. 6). The petitioner filed a reply on July 20, 2010. (Doc. No. 7).

By way of relevant procedural background, in March 1999, the petitioner was found guilty of seven counts of weapons violations and seven violations of the Hobbs Act, 18 U.S.C. §1951, in the United States District Court for the Southern District of Ohio. He was sentenced to 137 years of imprisonment on the conviction. The petitioner filed an appeal and the Court of Appeals for the Sixth Circuit affirmed his conviction. The petitioner then filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. §2255 in the sentencing court, which was denied on September 30, 2002. In 2003, the petitioner filed a second §2255 motion in the sentencing court, which was transferred to the Sixth Circuit as a successive motion and was denied in

June 2005.

On May 18, 2006, the petitioner filed a §2241 petition in this court challenging his conviction in the Southern District of Ohio and arguing that §2255 was inadequate or ineffective to challenge his conviction. See Civil Action No. 3:06-1015. The undersigned issued a report recommending dismissal of the petition for lack of jurisdiction because the claim was a matter for the sentencing court. The report of the undersigned was adopted on July 5, 2006, with the district judge finding that the action should have been brought pursuant to §2255 and the petitioner had failed to establish that §2255 was inadequate or ineffective to test the legality of his conviction. The petitioner appealed the decision to the United States Court of Appeals for the Third Circuit, which found that the petition was properly dismissed and affirmed the District Court's decision on December 21, 2006. See Gordon v. United States, 209 Fed.Appx. 173 (3d Cir. 2006).

The petitioner has now brought the instant action arguing again that §2255 is inadequate or ineffective to challenge the legality of his detention. To this extent, the petitioner claims that he was able to receive his trial transcripts in 2006 and discovered that during sidebar conferences at his trial, which he was not allowed to attend, his attorney and the prosecutor "had an 'agreement and an understanding' regarding cross-examination of a government witness that should not have testified at [the petitioner's] trial." Specifically, the petitioner claims that statements made by an FBI agent,

Kevin Horan, were double hearsay and that his counsel had an agreement with the prosecutor that he would not object to the testimony. The petitioner argues that this was the only evidence against him in at least eight of the counts in the indictment. He argues that he is actually innocent of committing these offenses. The petitioner indicates that he has raised this issue previously and that the Sixth Circuit has found that this claim is not newly discovered evidence to allow the petitioner to file a second or successive §2255 motion and that he has no recourse other than the instant §2241 petition by which to raise his claims. Moreover, the petitioner has raised the claims presented herein to the sentencing court via various procedural devices all of which have been denied. (See Doc. No. 6, Exs. 3-6).

In addressing the petitioner's appeal of this court's previous decision, the Third Circuit reiterated the standard applicable to the petitioner's action:

> As the District Court explained, a §2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. §2255 ¶ 5. A §2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). Section 2255 is not inadequate or ineffective merely because a prior motion has been unsuccessful or a petitioner is unable to meet the stringent gatekeeping requirements for filing a second or successive §2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Okereke, 307 F.3d at 120-21. See also Cradle, 290 F.3d at 539.
>
> The "safety valve" provided under §2255 is extremely narrow and has been held to apply in unusual situations, such as

3

those in which a prisoner has had no prior opportunity to challenge his conviction for acts later deemed to be non-criminal because of an intervening change in the law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997)).

Here, the petitioner is, once again, attempting to challenge his conviction in the Southern District of Ohio, this time claiming that his case is similar to that of In re Dorsainvil and that he is actually innocent. However, the petitioner's claims do not fall within the narrow exception outlined in In re Dorsainvil, in which the Third Circuit held that §2241 relief was available only to a petitioner who had no earlier opportunity to challenge his conviction for conduct that an intervening change in substantive law made no longer criminal. Dorsainvil, 119 F.3d at 251. Unlike the petitioner in In re Dorsainvil, the petitioner has not asserted that there was some intervening change in the law after he filed his first §2255 motion such that he was unable to raise his actual innocence claims in that motion.

On the basis of the foregoing, **IT IS RECOMMENDED THAT** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States Magistrate Judge**

**Date:** March 18, 2011

O:\shared\REPORTS\2010 Reports\10-0841-01.wpd

4