IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL LEE GORDON, | : | |
| Petitioner | : | NO. 3:10-CV-841 |
| | : | |
| v. | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE MANNION) |
| UNITED STATES OF AMERICA, | : | |
| Respondent | : | |

## MEMORANDUM and ORDER

On April 20, 2010, Petitioner, Michael Lee Gordon, an inmate currently confined at the United States Penitentiary in Lewisburg, Pennsylvania filed a petition pursuant to 28 U.S.C. § 2241 "to test the legality of his sentence and convictions" contending that 28 U.S.C. § 2255 is an inadequate and/or ineffective remedy. (Doc. 1, p. 1). Petitioner argues that his rights were violated because during trial he was "forced to wear a debilitating stun belt" which prevented him from partaking in sidebar conferences and because of a "fraudulent statement presented at trial on an 'agreement and an understanding' between defense counsel and the A.U.S.A." (Doc. 1, pp. 1-4)(emphasis in original). Petitioner also argues that he was prevented from making these arguments in his initial 28 U.S.C. § 2255 petition because he was denied a complete copy of his trial transcript until 2006. (Doc. 1, pp. 3-4).

On July 20, 2010, the Respondent, United States of America, filed a response to the petition. (Doc. 6). Magistrate Judge Malachy E. Mannion recommended that the petition be dismissed on March 18, 2011. (Doc. 11). On April 8, 2011, Petitioner filed objections (Doc. 12) to the Magistrate Judge's Report and Recommendation (hereinafter "R&R") to which Respondent filed a brief in opposition (Doc. 13) on April 25, 2011. On May 9, 2011, Petitioner

filed a reply brief. (Doc. 14). Petitioner's objections to Magistrate Judge Mannion's R&R are now ripe for disposition and for the reasons that follow will be overruled.

**Standard of Review**

When objections to a Report and Recommendation have been filed under 28 U.S.C. § 636(b)(1)(c), the district court must make a de novo review of those portions of the report to which specific objections are made. Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Goney v. Clark, 749 F.2d 5, 6-7 (3d Cir. 1984) ("providing a complete *de novo* determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"); Mutombo v. Carl, 2003 U.S. Dist. LEXIS 27124 (M.D. Pa. 2003) (Kane, J.). If no objections are made to a report, the district court is not required to review the magistrate judge's factual or legal conclusions under a de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 149 (1985). Nevertheless, it is better practice to afford some level of review to dispositive legal issues raised by the report. Peter v. Wynder, 2008 U.S. Dist. LEXIS 57782, *4-5 (M.D. Pa. 2008) (Jones, J.) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied 484 U.S. 837 (1987)); compare Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating that in the absence of objections, "the district court need only review the record for plain error or manifest injustice"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); Local Rule 72.3.

**Discussion**

In the R&R, Magistrate Judge Mannion sets forth the history of Petitioner's criminal conviction and his multiple petitions and appeals to his sentencing court, the United States

District Court for the Southern District of Ohio, to the United States Court of Appeals for the Sixth Circuit, to this Court, and to the United States Court of Appeals for the Third Circuit. (Doc. 11, pp. 1-2). Previously in 2006, Petitioner filed a similar § 2241 petition in this Court arguing that § 2255 was an ineffective or inadequate remedy. See Gordon v. United States, Civil Action No. 3:06-1015 (MD. Pa. 2006). That 2006 petition was dismissed for lack of jurisdiction by Order dated July 5, 2006 because Petitioner had failed to establish that § 2255 was inadequate. Gordon v. United States, Civil Action No. 3:06-1015 (M.D. Pa., July 5, 2006) (Doc. 7). That decision was affirmed by the United States Court of Appeals for the Third Circuit on December 21, 2006. Gordon v. United States, 209 Fed. Appx. 173 (3d Cir. 2006).

Regarding the petition sub judice, Magistrate Judge Mannion determined that Petitioner is again attempting to challenge his conviction in the Southern District of Ohio by claiming his innocence in an attempt to utilize the narrow exception for a § 2241 motion set forth in In re Dorsainvil. (Doc. 11, p. 4) citing In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). The Magistrate Judge concluded that Petitioner "has not asserted that there was some intervening change in the law after he filed his first § 2255 motion such that he was unable to raise his actual innocence in that motion" and recommends the current petition be dismissed. (Doc. 11, p. 4).

Petitioner makes two objections. In his first objection, Petitioner reiterates his arguments contained in his Petition stating his innocence and that he was convicted on fraudulent statements entered into evidence through an improper sidebar understanding and agreement between the prosecutor and his court-appointed counsel. (Doc. 12, p. 1). In his second objection, Petitioner argues that if his actual innocence "does not render 28 U.S.C. 2255 'inadequate or ineffective,' than [sic] the 'suspension clause' of 28 U.S.C. 2241 is an unconstitutional act as for Petitioner."

(Doc. 12, p. 2)(emphasis in original).

A prisoner claiming the right to be released upon the ground that his sentence was imposed in violation of the Constitution may move the court which imposed the sentence to vacate, set aside or correct the sentence. 28 U.S.C. § 2255. This remedy by motion to the sentencing court set forth in § 2255, is "the usual avenue for federal prisoners seeking to challenge the legality of their confinement." In re Dorsanvil, 119 F.3d at 249. Petitioner brings this motion under § 2241 which "is now reserved for rare cases." Id. at 250. The "safety valve" of § 2241 "by which a prisoner may bypass § 2255 when it is 'inadequate or ineffective to test the legality of his detention,' is extremely narrow and applies to the unusual situation in which a prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law." Walker v. Williamson, 235 Fed. Appx. 888, 889 (3d Cir. 2007) citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) citing In re Dorsainvil, 119 F.3d at 251.

As Petitioner concedes, his case differs from In re Dorsanvil in which there was an intervening change in the law (Doc. 12, p. 2). Having reviewed all filings, it is concluded that there is no record of any change in the law leading to Petitioner's innocence. The Magistrate Judge correctly determined that Petitioner has presented no change in the law required for a § 2241 Petition.

Petitioner's first objection, which is a reiteration of the arguments in his petition, will be overruled. Petitioner's second objection, that § 2241 is unconstitutional as to him if his actual innocence does not make § 2255 inadequate, will also be overruled. Neither objection sets forth a reason to utilize the narrow "safety valve" set forth in In re Dorsainvil.

**Conclusion**

Petitioner's objections will be overruled and the Magistrate Judge's R&R will be adopted in its entirety.

Date: November 1, 2011

_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL LEE GORDON,
    Petitioner

v.

UNITED STATES OF AMERICA,
    Respondent

NO. 3:10-CV-841

(JUDGE NEALON)
(MAGISTRATE JUDGE MANNION)

## ORDER

**NOW, this 1st day of November, 2011,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. Petitioner's Objections (Doc. 12) to the Magistrate Judge's Report and Recommendation are **OVERRULED**;

2. The Magistrate Judge's Report & Recommendation (Doc. 11) is **ADOPTED**;

3. There is no basis for the issuance of a Certificate of Appealability; and

4. The Clerk of Court shall **CLOSE** this case.

_____
United States District Judge